**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NATHANIEL POWELL, SR., et al., | * | |
| Plaintiffs, | * | |
| vs. | * | Case No. 1-26-CV-00262-JMC |
| HARFORD COUNTY, MARYLAND, | * | |
| Defendant. | * | |

* * * * * * *

**ANSWER TO AMENDED COMPLAINT**

Defendant, Harford County, Maryland (the "County"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12 files this Answer to the Amended Complaint and Jury Demand filed by Plaintiffs Nathaniel Powell, Sr. ("Mr. Powell"), N.P., a minor, and Demetria Burks ("Ms. Burks") and states as follows:

1. The County admits that Nathaniel Powell, Jr. ("Mr. Powell Jr.") was a pretrial detainee housed at the Harford County Detention Center ("HCDC"), that he died while in custody, and that Plaintiffs bring this action arising from his death. The County lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 1.

2. The County admits to the allegations in paragraph 2 to the extent Mr. Powell Jr. died while in custody. The County lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 2.

3. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Paragraphs 5 & 6 of the Amended Complaint contain statements of jurisdiction and venue to which no admission or denial is required.

6. The County admits to the allegations in paragraph 7 to the extent that it eventually became aware of Mr. Powell, Jr.'s death, but denies that it was on any notice of any circumstances giving rise to Mr. Powell, Jr.'s death. The remainder of paragraph 7 contains a statement of law to which no admission or denial is required. To the extent any admission or denial is required, the County denies the remainder of the allegations of paragraph 7.

7. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

8. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

9. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

10. The County admits to the allegations in paragraph 11 to the extent that Harford County, Maryland is a body corporate and politic capable of suing and being sued, that the Harford County Sheriff's Office is a law enforcement agency, and that the Harford County Sheriff's Office provides correctional services at the HCDC. The County denies that it operates, administers or controls the HCDC, denies that the Sheriff possesses final policymaking authority for the County, denies that it is responsible for the policies, practices, customs, or regulations of the HCDC or for the acts or omissions of the Sheriff's employees, agents, or servants, and denies the remaining allegations and legal conclusions in paragraph 11.

11. The County admits to the allegations in paragraph 12 to the extent it is a Charter ("home-rule") county. The parts of paragraph 12 containing statements and conclusions of law

require no admission or denial. The County denies that it is liable for the operation of the detention center or for the conduct at issue in this lawsuit, and denies the remaining allegations and legal conclusions in paragraph 12.

12. The County states that the County Charter provision quoted in paragraph 13 speaks for itself and denies any characterization inconsistent with its text. The County denies that the Sheriff, Warden, and Deputies are agents of Harford County for purposes of operating the detention center, denies that they are the final repository of the County's authority over the HCDC, and denies the remaining allegations and legal conclusions in paragraph 13.

13. The County admits that it established the Harford County Police Accountability Board under the Harford County Code and that the cited Code provisions in paragraph 14 speak for themselves. The County denies that these provisions establish County control or authority over the Sheriff, the Warden, or the Deputies in the operation of the detention center and denies the remaining allegations and legal conclusions in paragraph 14.

14. The County admits that the Harford County Code provides for a Police Commission and that the cited Code Provisions in paragraph 15 speak for themselves. The County denies that these provisions establish County control or authority over the operation of the HCDC and denies the remaining allegations and legal conclusions in paragraph 15.

15. The County admits that the Harford County Code provides for an Administrative Charging Committee and that the cited Code provisions in paragraph 16 speak for themselves. The County denies that these provisions establish County control or authority over the operation of the HCDC and denies the remaining allegations and legal conclusions in paragraph 16.

16. The County states that the Sheriff's Office policy document cited in paragraph 17 speaks for itself. The County admits that it provides worker's compensation for the Harford County

Sheriff and his deputies and, in some instances, acts as an insurer for certain acts or omissions of the Sheriff or his deputies. To the extent an admission or denial is required as to the remainder of the allegations of paragraph 17, such allegations are denied.

17. The County states that the statutory provisions cited in paragraph 18 speak for themselves. The County admits that it funds the HCDC. The County denies that it effectively controls the HCDC or the training of Sheriff's Office personnel and denies the remaining allegations and legal conclusions in paragraph 18.

18. The County states that the statutory provisions cited in paragraph 19 speak for themselves. The County denies that it is liable for the conduct of the Sheriff or his deputies and denies the remaining allegations and legal conclusions in paragraph 19.

19. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

20. The County denies the allegations in paragraph 21.

21. The County admits to the allegations in paragraph 22.

22. The County admits that Mr. Powell Jr. was a pre-trial detainee as alleged in paragraph 23. The County lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

23. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24-54.

24. The County admits to the allegations in paragraph 55 to the extent that the HCDC is staffed and overseen by the Harford County Sheriff, that its correctional staff are correctional sheriff's deputies, and that they serve under the direction of the Harford County Sheriff. The County denies any remaining characterizations in paragraph 55.

25. The County admits to the allegations in paragraph 56 to the extent that HCDC is used for arrestees detained in Harford County and that the County provides funding to the HCDC. The County denies that it has any role in the hiring of HCDC employees and denies any remaining allegations in paragraph 56.

26. The County admits to the allegations in paragraph 57 to the extent that it provides funding for the Harford County Sheriff and HCDC. The County lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

27. The County denies the allegations and legal conclusions in paragraph 58.

28. The County denies the allegations in paragraph 59, except that it admits that it provides worker's compensation for the Sheriff and his deputies and, in some instances, acts as an insurer for certain acts or omissions of the Sheriff or his deputies. Any remaining allegations in paragraph 59 are denied.

29. The County denies the allegations in paragraphs 60-62.

30. The County admits to the allegations in paragraph 63.

31. The County denies the allegations in paragraph 64.

32. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

33. The County denies that any allegation in paragraph 66 is attributable to the County, and denies any further allegations and legal conclusions directed towards it in paragraph 66.

34. The County denies the allegations in paragraph 67.

35. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68-70.

36. The County states that the Manual speaks for itself. To the extent any further response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

37. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72-73.

38. The County states that the Manual speaks for itself. To the extent any further response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

39. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

40. The County states that the Manual and referenced newspaper article speak for themselves. To the extent any further response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

41. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

42. The County states that the Manual speaks for itself. To the extent any further response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

43. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79-92.

44. The County admits that Mr. Powell Jr. committed suicide. The County lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

45. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94-98.

46. Paragraphs 99-102 contain legal conclusions to which no response is required. The County denies that it has liability for or has engaged in any unconstitutional actions.

47. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 103-113.

48. Paragraph 114 contains legal conclusions to which no response is required. The County denies that it has liability for or has engaged in any unconstitutional actions.

49. Paragraph 115 contains legal conclusions to which no response is required. To the extent any additional response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

50. The County admits to the allegations in paragraph 116.

51. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

52. Paragraphs 118-126 contain legal conclusions or factually conclusory statements to which no response is required. To the extent any response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 118-126.

53. The County denies the allegations in paragraph 127, except that it admits that the Sheriff has responsibility for the HCDC.

54. Paragraph 128 contains a legal conclusion to which no response is required. To the extent any response is required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

55. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129-133.

56. The County denies the allegations in paragraph 134.

57. Paragraphs 135-136 do not require a response. If any response is required, the allegations are denied.

58. The County denies the allegations in paragraph 137, except that it admits Sheriff Gahler is responsible for operation of the HCDC.

59. The County denies the allegations against the County in paragraphs 138-150 as the County has no control or authority over the HCDC or the Sheriff. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations against the Sheriff and any remaining allegations in paragraphs 138-150.

60. The County denies the allegations in paragraph 151.

61. To the extent not specifically admitted above, the County denies each and every allegation of the Amended Complaint.

## **Defenses**

62. The Amended Complaint fails to state a claim upon which relief can be granted.

63. Plaintiffs are not entitled, on the law or the facts, to the damages claimed.

64. Plaintiffs failed to mitigate damages.

65. Plaintiffs' claims are barred by common law governmental immunity, public official immunity, sovereign immunity, and qualified immunity as well as the immunities and limitations afforded under applicable state law.

66. Plaintiffs' claims are barred because there is no underlying constitutional violation by the County.

67. Plaintiffs' claims are barred because the County did not maintain any policy, practice, or custom causing any constitutional deprivation.

68. Plaintiff's claims are barred because the Harford County Sheriff is not a final policymaker of Harford County and the County cannot be liable under 42 U.S.C. §1983 for the acts or omissions of the Sheriff.

69. Plaintiff's claims are barred because Plaintiffs failed to satisfy notice requirements.

70. Plaintiffs' claim for punitive damages against a local government is barred under 42 U.S.C. §1983 and/or Md. Code, Cts. & Jud. Proc. §5-303(c).

71. Plaintiff's claims are barred, in whole or in part, by statute of limitations.

72. Any injury or damage alleged was proximately caused by intervening or superseding acts, omissions, or conditions, and not by any act, omissions, policy, or custom of Harford County.

73. Plaintiffs' claims are barred by contributory negligence and assumption of the risk of injury.

74. Plaintiffs' claims are barred by waiver.

75. Plaintiffs' claims are barred by the doctrines of estoppel and privilege.

76. Plaintiffs' claims are barred by *res judicata* and collateral estoppel.

77. The County reserves the right to raise other and further defenses as may be appropriate in these proceedings.

WHEREFORE, the County requests that this Court dismiss the Amended Complaint with prejudice, that the County be awarded reasonable attorneys' fees, and that all costs incident to this proceeding be assessed against the Plaintiffs.

Respectfully submitted,

/s/ *Jefferson L. Blomquist*

Jefferson L. Blomquist
Federal Bar No. 03770
County Attorney
jlblomquist@harfordcountymd.gov

*/s/ Joseph G. Comeau*

Joseph G. Comeau
Federal Bar No. 20561
Litigation Attorney
jgcomeau@harfordcountymd.gov

/s/ *J. Ethan Clasing*

J. Ethan Clasing
Federal Bar No. 30293
Litigation Attorney
jeclasing@harfordcountymd.gov

Harford County Department of Law
220 S. Main Street, 3rd Floor
Bel Air, MD 21014
410-638-3205 – phone
410-879-7651 – facsimile

*Attorneys for Harford County, Maryland*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September 2026 the foregoing Answer to Amended Complaint was filed electronically upon all parties entitled to service in this action.

Respectfully submitted,

*/s/ Joseph G. Comeau*

Joseph G. Comeau